# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS J. LAURIA,<br><br>  Plaintiff,<br><br>v.<br><br>WATTS WATER TECHNOLOGIES, INC.,<br><br>  Defendant. | Civil Action No.: 05 10813 RCL |

AMOUNT $ _____
SUMMONS ISSUED ___1___
LOCAL RULE 4.1 ___✓___
WAIVER FORM ___✓___
MCF ISSUED ___—___
BY DPTY. CLK. __M.P.__
DATE __4/22/05__

## COMPLAINT AND JURY DEMAND

Plaintiff Thomas J. Lauria for his Complaint against defendant Watts Water Technologies, Inc. alleges as follows:

MAGISTRATE JUDGE ___GD___

### PARTIES

1. Plaintiff Thomas J. Lauria is an individual who resides at 7002 Boulevard East, No. 30B, Guttenberg, New Jersey 07093.

2. On information and belief, defendant Watts Water Technologies, Inc. ("Watts") is incorporated in the State of Massachusetts, with a principal place of business at 815 Chestnut Street, North Andover, Massachusetts 01845-6098.

### JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35, United States Code, including but not limited to 35 U.S.C. § 271. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

4. Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391 and 1400.

## FACTS PERTAINING TO ALL COUNTS

5. Thomas J. Lauria is the inventor of United States Patent No. 5,404,905 (the " '905 patent") entitled "BACKFLOW PREVENTER WITH FAILURE INDICATOR" legally granted on April 11, 1995. Thomas J. Lauria is further the inventor of United States Patent No. 5,462,082 (the " '082 patent") entitled "BACKFLOW PREVENTER WITH FAILURE INDICATOR" granted on October 31, 1995.

6. Thomas J. Lauria is the exclusive owner of title to and all rights to both the '905 and '082 patents.

7. Both the '905 and '082 patents are generally concerned with backflow preventers having failure indicators. Prior to these inventions, it was difficult, if not impossible, to determine whether or not a backflow preventer (whether in the form of a double check valve or a reduced-pressure zone assembly) was functioning properly. The failure of such a backflow device might allow a fluid, such as drinking water, beverages, or petrochemicals to flow in a reverse direction, thereby allowing contaminants to be introduced into the source of the fluid or water.

8. The inventions embodied in both the '905 and '082 patents allow backflow preventers, whether in the form of a double check valve assembly or a reduced-pressure zone assembly, to be easily and quickly tested for failure of their backflow-prevention valve components.

9. On information and belief, Watts has manufactured, used, offered for sale and/or sold a reduced pressure zone assembly backflow preventer called the "Watts Series 009," which includes a chamber, isolation valves upstream and downstream of the chamber, first and second check valve module assemblies, a testing kit having a pressure gauge that is connectable to the reduced pressure zone assembly between its isolation valves to determine fluid pressure within the chamber, and a relief valve assembly between the upstream and downstream isolation valves. Watts continues the sale of its Series 009 reduced-pressure zone assembly to the present.

10. On information and belief, Watts has manufactured, used, offered for sale and/or sold a backflow preventer called the "Watts Series 007 Double Check Valve Assembly," which, when used in combination with their Watts TK-9A Backflow Preventer Test Kit, includes a fluid flow path, two spring-loaded check valves in the fluid flow path, a shut off valve which allows the spring of at least one of the check valves to close the check valve, a test cock in communication with the fluid flow path that allows fluid pressure from the inlet of the Watts Series 007 Double Check Valve Assembly to flow through a by-pass line of a test gauge, and a pressure gauge for determining whether or not at least one of the check valves in the double check valve assembly is operational.

11. The acts of Defendant Watts with regard to the aforementioned products constitute acts of direct infringement, contributory infringement and/or inducement of infringement of both the '905 and '082 patents, which have caused and will continue to cause Thomas J. Lauria great damage.

12. Moreover, absent preliminary and permanent injunctive relief, Thomas J. Lauria will be irreparably damaged as a result of the actions of Watts.

## COUNT I - PATENT INFRINGEMENT - '905 PATENT

13. Thomas J. Lauria restates and incorporates by reference paragraphs 1-12 of the Complaint, as is fully set forth herein.

14. Thomas J. Lauria is the inventor of the '905 patent, and retains exclusive title to and all rights in the '905 patent.

15. On information and belief, defendant Watts has been and still is causing Thomas J. Lauria tortious injury, by directly infringing the '905 patent or infringing via the doctrine of equivalents through its manufacture, use, offer for sale and/or sale of the Watts Series 009 Reduced Pressure Zone Assemblies, which, at a minimum, infringe claims 1-7 of the '905 patent.

16. On information and belief, Watts has caused and is causing Plaintiff tortious injury by contributorily infringing and/or inducing infringement of the '905 patent.

17. On information and belief, Watts' infringement of the '905 patent has been and continues to be willful, wanton, deliberate, without license and with full knowledge of Mr. Thomas J. Lauria's rights, causing Mr. Lauria great damage.

18. Unless restrained and enjoined by this Court, Watts will continue its acts of infringement and the resulting damage to Plaintiff shall be substantial, continuing and irreparable.

## COUNT II - PATENT INFRINGEMENT - '082 PATENT

19. Mr. Thomas J. Lauria restates and incorporates by reference paragraphs 1-18 of the Complaint, as is fully set forth herein.

20. Mr. Thomas J. Lauria is the inventor of the '082 patent, and retains exclusive title to and all rights in the '082 patent.

21. On information and belief, Defendant Watts has been and is still causing Mr. Lauria injury, by directly infringing the '082 patent or infringing via the doctrine of equivalents through its manufacture, use, offer for sale, and/or sale of the Watts Series 007 - Double Check Valve Assemblies, which, at a minimum, infringe claims 1-8 of the '082 patent.

22. On information and belief, Watts has caused and is causing Plaintiff tortious injury by contributorily infringing and/or inducing infringement of the '082 patent.

23. On information and belief, Watts' infringement of the '082 patent has been and continues to be willful, wanton, deliberate, without license and with full knowledge of Mr. Thomas J. Lauria's rights, causing Mr. Lauria great damage.

24. Unless restrained and enjoined by this Court, Watts will continue its acts of infringement and the resulting damage to Plaintiff shall be substantial, continuing and irreparable.

WHEREFORE, the Plaintiff prays that:

A. Watts, its officers, employees, agents, servants, and attorneys, and any and all persons acting in privity or in concert with them, be preliminarily and permanently restrained and enjoined from further infringement of United States Patent Nos. 5,404,905 and 5,462,082;

B. This Court award Plaintiff damages in an amount adequate to compensate for the Defendants' infringement of these patents, and increase such damages to three (3) times the amount found or assessed pursuant to, *inter alia*, 35 U.S.C. § 284;

C. This Court award Plaintiff his costs, expenses and disbursements in this action, including reasonable attorneys' fees, pursuant to, *inter alia*, 35 U.S.C. § 285;

D. Plaintiff be awarded prejudgment and post judgment interest; and

E. Plaintiff be awarded such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on each Count of its Complaint, as well as each and every defense asserted thereto.

>Respectfully submitted,
>
>THOMAS J. LAURIA
>By his attorneys,
>
>_/s/ Nicholas G. Papastavros_
>Nicholas G. Papastavros (BBO # 635742)
>NIXON PEABODY LLP
>100 Summer Street
>Boston, MA 02110-2131
>(617) 345-1000

Dated: April 22, 2005

JS 44 (Rev. 3/99)                               CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Thomas J. Lauria

### DEFENDANTS
Watts Water Technologies, Inc.

(b) County of Residence of First Listed Plaintiff _____
    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
    (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nicholas G. Papastavros, Nixon Peabody LLP
100 Summer Street, Boston, MA 02110
617-345-1000

Attorneys (If Known)
05 10813 RCL

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: April 22, 2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Thomas J. Lauria v. Watts Water Technologies, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 6__         **05 10813 RCL**
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nicholas G. Papastavros__
ADDRESS __Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110__
TELEPHONE NO. __617-345-1000__

(Coversheetlocal.wpd - 10/17/02)